UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA IRENE CANCASSI, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> STATE OF NEW JERSEY, : <br> : <br> Defendants. : | Civil Action No. 16-7343(FLW) <br><br> **ORDER** |

**THIS MATTER** having been opened to the Court by Plaintiff Donna Cancassi ("Plaintiff") on an application to proceed without prepayment of fees or costs; it appearing that Plaintiff has submitted a completed IFP application, a hand-written complaint, and an Order to Show Cause; it appearing that a complaint filed by a litigant proceeding *in forma pauperis* is subject to *sua sponte* dismissal by the Court if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B); it appearing that while in determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff, *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), the Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions," *see Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); it appearing that the Federal Rules of Civil Procedure require that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a); it appearing that the Supreme Court has held that factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); it appearing that the Third Circuit has stated,

"[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest 'the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly*, 550 U.S. at 556); it appearing that Plaintiff sets forth in her handwritten Complaint that defendant State of New Jersey (the "State"), which is the only named defendant, denied her certain relief in a state court matter, bearing number Mon-L-7150-92, and that the State did not allow Plaintiff "to vote publically to change my address and reveal my ID" in violation of the U.S. Constitution, First and 19th Amendments; the Complaint further alleges that Plaintiff seeks the Court to terminate certain orders prohibiting Plaintiff from disclosing her identity and voting publically; it appearing that Plaintiff also cites a New Jersey court decision in *D.C. v. Superintendent of Elections*, 261 N.J. Super 366 (Law Div. 1992); it appearing that, in that case, the state court held that a victim of domestic abuse can request to register to vote without having his/her residential address made a matter of public record so as to protect the victim from future abuse, as well as his/her right to vote; it appearing that, however, Plaintiff does not allege how that case is relevant to what she seeks in her Complaint; it appearing that, nonetheless, although not pled, Plaintiff's identity has been withheld for the purposes of voting in accordance with *D.C. v. Superintendent of Elections*, and that Plaintiff, now, requests relief from prior orders sealing her identity; it further appearing that Plaintiff attempted to make an application to the state court on October 7, 2016, "to vote publically," but claims that she was precluded from doing so by the State; it appearing that, importantly, Plaintiff has not alleged that she has been denied the

right to vote; rather, Plaintiff only seeks to unseal records and disclose her identity to vote publically; it appearing that, nevertheless, Plaintiff's Complaint fails to state a claim for number of reasons: (1) it appears that the State of New Jersey, the sole defendant, is not a proper defendant in this § 1983 case, *see Thorpe v. New Jersey*, 246 Fed. Appx. 86, 86 (3d Cir. 2010); (2) Plaintiff has not alleged the proper statutory basis for her constitutional claims, *see Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-907 (3d Cir. 1997); (3) Plaintiff appears to be inappropriately attacking state court orders in violation of the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and (4) Plaintiff has not properly pled any facts to support any of her constitutional claims; the Court having reviewed Plaintiff's Complaint and *in forma pauperis* application, for these reasons set forth above, and for good cause shown,

**IT IS** on this 18th day of October, 2016,

**ORDERED** that Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff's application for emergent relief is **DENIED**.

/s/ Freda L. Wolfson
         FREDA L. WOLFSON, U.S.D.J.